NO. 07-05-0086-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 8, 2005

______________________________

GREGORY JAMES ROMERO,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE COUNTY COURT OF COCHRAN COUNTY;

NO. 5790; HON. JAMES ST. CLAIR, PRESIDING

_______________________________

ABATEMENT AND REMAND

_______________________________

Before QUINN, REAVIS and CAMPBELL, JJ.

Appellant Gregory James Romero appeals from a judgment convicting him of driving while intoxicated.  The reporter’s record is due in this cause.  An extension of the applicable deadline was sought by the court reporter.  The latter, to justify the request for an extension, represented to us that appellant has failed to pay or make arrangements to pay for the record and to submit a request for the preparation of the record or a letter designating those portions of the record desired.  Furthermore, the clerk’s record indicates that appellant may be indigent.

Accordingly, we now abate this appeal and remand the cause to the County Court of Cochran County (trial court) for further proceedings.  Upon remand, the trial court shall  immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following: 

1.  whether appellant desires to prosecute the appeal; 

2.  whether appellant is indigent; and, 

3.  whether the appellant is entitled to appointed counsel and a free appellate record. 

The trial court shall cause the hearing to be transcribed.  So too shall it 1) execute findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be developed a supplemental clerk’s record containing the findings of fact and conclusions of law and all orders it may issue as a result of its hearing on this matter, and 3) cause to be developed a supplemental reporter’s record transcribing the evidence and arguments presented at the aforementioned hearing.  Should it be determined that appellant wishes to prosecute the appeal, is indigent, and is entitled to an appointed attorney but has none, then the trial court shall appoint counsel, unless appellant knowingly and voluntarily waives counsel.  Furthermore, the name, address, and phone number of any counsel appointed by the trial court to represent appellant shall be included in the supplemental record.  The trial court shall also file both supplemental records with the clerk of this court on or before April 6, 2005.  Should further time be needed by the trial court to perform these tasks, then it must be requested before April 6, 2005. 

       It is so ordered. 

                                                                             Per Curiam 

 Do not publish.